RECEIVED
USDC CLERK, CHARLESTON, SC
2007 APR 17 A 10: 34

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Danny Thompson, #269997,  )  | C. A. No. 2:06-2114-TLW-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| NFN Carrington, Grievance ) Coordinator at Lieber ) Correctional Institution, ) | |
| Defendant. ) | |

This civil rights action brought pursuant to 42 U.S.C. § 1983[1] by Danny Thompson, a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendant's motion for summary judgment. 28 U.S.C. § 636(b).

On July 25, 2006, the plaintiff filed this civil rights action against Ms. Carrington, the grievance coordinator at Lieber Correctional Institution, and alleged that the defendant

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

prevented him from appealing from a prison disciplinary conviction by not providing him the tape recording he requested of the disciplinary hearing prior to the expiration of the fifteen (15) day time limit for him to file his administrative appeal. Plaintiff claims he has suffered great emotional harm as a result and seeks damages.

On January 3, 2007, the defendant filed a motion for summary judgment and the affidavits of Major Thierry D. Nettles and defendant Carrington along with all prison records concerning the plaintiff's conviction. On January 8, 2006, the plaintiff was provided a copy of the motion, affidavits, and exhibits, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On March 7, 2007, Plaintiff opposed the motion.

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the

moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed.R.Civ.P. 56(c). To avoid summary judgment on defendants' motion, a plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, Id. at 255, 106 S.Ct. at 2513-14.

## **DISCUSSION**

A review of the record and relevant case law reveals that the defendant's motion should be granted and this matter ended.

Thompson seeks an award of five hundred thousand dollars ($500,000.00) in compensatory and punitive damages against Carrington for her "negligence and gross negligence by deliberately denying process of grievance and failing to answer Plaintiff's requests." (Complaint, Part V. Relief). He is not seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with his underlying sentence. Therefore the bar to bringing a § 1983

action imposed by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)[2], does not apply here. Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303 (2004).

However, Plaintiff's claim still fails because he was not denied any rights protected by the constitution to the provision of a tape recording of the disciplinary hearing. Indeed, due process in a prison disciplinary proceeding setting, does not guarantee the right to an appeal from the disciplinary decision at all. See, e.g., King v. Hilton, 525 F. Supp. 1192 (D.N.J. 1981); Kelly v. Cooper, 502 F. Supp. 1371 (E.D. Va. 1980); U.S. ex rel. Jones v. Rundle, 358 F. Supp. 939 (E.D. Pa. 1973). Due process is satisfied in this context by advance notice of the charge, an opportunity to present evidence, and a written statement of findings. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Plaintiff does not allege he was denied advance notice of the charge, an opportunity to present evidence, or a written statement of findings. Plaintiff did receive these due process

---

[2] The Supreme Court established in Heck:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87.

4

rights and he was simply not entitled to a tape recording of the disciplinary hearing.

Further, with respect to civil rights actions, it has been uniformly held that the mere existence of a prison grievance procedure confers no liberty interest entitled to due process protection. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988); Ouzts v. Cummins, 825 F.2d 1276 (8th Cir. 1987); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff has not stated a constitutional claim and the defendant's motion should be granted.

As an alternate ground for decision, it appears that the defendant is entitled to qualified immunity from suit for damages in her individual capacity as her conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See, Harlow v. Fitzgerald, 457 U.S. 800 (1982). Further, Defendant may not be sued for damages in her official capacity since that is equivalent to a claim against the state and Carrington is not a "person" amenable to suit within the meaning of 42 U.S.C. § 1983. See, Will v. Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989).

Finally, § 804 of the PLRA, amended § 1915(g), and reads as follows:

5

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The instant action is wholly meritless and should be considered frivolous and malicious within the meaning of the Prison Litigation Reform Act and counted as a "strike" against Plaintiff thereunder. 28 U.S.C. § 1915A.

### CONCLUSION

Accordingly, Plaintiff, as the party opposing summary judgment, has failed to point to facts evidencing a genuine material issue for trial. Fed.R.Civ.P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986). Summary judgment should be granted, and the action should be deemed a "strike" against Thompson under 28 U.S.C. § 1915A.

                              Respectfully submitted,

                              /s/ Robert S. Carr
                              Robert S. Carr
                              United States Magistrate Judge

Charleston, South Carolina
April 16, 2007

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).